UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-CR-0039-CVE |
| KEENAN DANCELL VERNER, | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Now before the Court is the government's Motion to Reconsider (Dkt. # 42). On April 3, 2015, the Court entered an opinion and order (Dkt. # 34) granting defendant's motion to suppress evidence (Dkt. ## 17, 18). In particular, the Court found that defendant's encounter with police became an arrest as soon as officers stopped a vehicle in which defendant was a passenger due to the use of firearms without any evidence that firearms were necessary for officer safety. The government states that it does not seek reconsideration of the Court's ruling that "the officers unlawfully placed defendant under arrest, without probable cause, when they first pointed their guns at him." Dkt. # 42, at 1. Instead, the government argues that the Court misapplied applicable law by suppressing evidence, because the Court found that police had reasonable suspicion to initiate a traffic stop and officers detected the scent of marijuana as they approached the vehicle. Id. at 2. Based on the reasonable suspicion and the scent of marijuana, the government now contends that defendant would not have been free to leave and that the Court should not have concluded that the methamphetamine found on defendant's person was subject to suppression. Id.

Defendant filed a motion to suppress (Dkt. ## 17,18) arguing that his Fourth Amendment rights were violated when police stopped a red Kia in which he was a passenger and, in part, he

argued that the encounter immediately became an arrest when officers pointed their firearms at the vehicle. The government responded that the use of firearms is appropriate to carry out an investigative detention when officers have a reasonable belief that firearms are necessary for officer safety. Dkt. # 29, at 12-13. The Court held an evidentiary hearing on defendant's motion, and the testimony of all police witnesses was consistent that firearms were displayed from the moment the stop of the red Kia began. Dkt. # 34, at 3. The dash camera from Tulsa Police Department (TPD) Corporal Andrew MacKenzie's vehicle showed that at least two officers had their firearms pointed at the red Kia, and other testimony established that there were as many as five armed police officers present. Id. After the firearms were pointed at the vehicle, police officers approached the vehicle and detected the scent of marijuana. There was no evidence that police officers detected a scent of marijuana before pointing their firearms at the red Kia. TPD Officer William MacKenzie testified that he did not believe that probable cause for defendant's arrest existed when the traffic stop was initiated. Each of the police officers testified that they believed that defendant was formally arrested after police learned of outstanding misdemeanor warrants for his arrest several minutes after the inception of the stop. The Court found that police had no objective basis to believe that the persons in the red Kia presented a risk to officer safety, and the mere fact that those persons were suspected of engaging in a drug offense did not show that the use of firearms was necessary to carry out an investigative detention. Dkt. # 34, at 8-9. The Court found that defendant was arrested from the inception of the encounter but police lacked probable cause to support an arrest, and defendant's detention was unlawful from the inception of the encounter. Id. at 10-11. Based on this illegality, the Court found that methamphetamine found on defendant's person shortly after the stop began should be suppressed. Id. at 12.

The government asks the Court to reconsider its suppression ruling. When the government asks a district court to reconsider a suppression ruling, the government must show that the Court "misapprehended the facts, a party's position, or the law." United States v. Christy, 739 F.3d 534, 540 (10th Cir. 2014). Specific grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. The government should not use a motion to reconsider to "revisit issues already addressed or advance arguments that could have been raised earlier." Id.

The government argues that the Court "misapplied" the applicable law, because the Court suppressed evidence without requiring defendant to establish a factual nexus between the illegality and the discovery of the evidence to be suppressed. Dkt. # 42, at 3. In its briefing (Dkt. # 29) and at the suppression hearing, the government clearly identified its theory that seizure of the evidence did not violate the Fourth Amendment:

> Here, the officers were justified in drawing their firearms and handcuffing defendant. This interaction began with a *Terry* stop, evolved into a detention and arrest, an outstanding misdemeanor warrant which led to a search incident to arrest which resulted in a felony drug arrest. They did so to protect their own safety and maintain the *status quo* and the circumstances reasonably warranted such measures. In sum, defendant's detention was justified at its inception and remained justified through his arrest, and therefore, did not violate his Fourth Amendment [rights].

Dkt. # 29, at 13. The government now offers a new theory under which it claims the arrest of defendant was lawful. Instead of arguing that police lawfully used firearms as part of investigative detention, it argues that police had reasonable suspicion to stop the red Kia and that police detected the scent of marijuana as soon they approached the vehicle. According to the government, the scent of marijuana gave rise to probable cause to arrest defendant. Dkt. # 42, at 3. However, the government has conceded that the Court correctly determined that police had no basis to use

3

firearms as part of the investigative detention and the evidence is clear that police detected the scent of marijuana only after they approached the red Kia with firearms pointed at the vehicle. In other words, the encounter had already risen to the level of an arrest <u>before</u> police detected the scent of marijuana, and the police officers' belief that they detected the scent of marijuana could not factor into the probable cause analysis. The government's argument does not tend to show that the Court misapplied the applicable law governing the arrest of defendant, because the scent of marijuana detected by police could not have been considered as part of the probable cause analysis.

The government could be arguing that police would have inevitably discovered the methamphetamine on defendant's person as the result of an investigative detention. However, the encounter was unlawful from its inception and police never conducted the stop in a manner consistent with an investigative detention. For the inevitable discovery doctrine to apply, the government must establish that the evidence would have been discovered as part of an "independent, lawful police investigation . . . ," and it is the government's burden to prove by a preponderance of the evidence that the evidence would have been discovered without a Fourth Amendment violation. <u>United States v. Cunningham</u>, 413 F.3d 1199, 1203 (10th Cir. 2005). In this case, there was no police activity independent of the Fourth Amendment violation, and the discovery of the methamphetamine on defendant's person was part of an ongoing sequence of events that directly flowed from the illegality of the unlawful arrest of defendant. The Court also notes that it would be unfair to defendant to allow the government to revise its theory of the case after reviewing the Court's suppression order. The arguments now advanced by the government could have been raised in its response to defendant's motion to suppress or at the suppression hearing, and this is not a situation in which the Court "mistakenly overlooked" an argument that should have been considered

4

in a prior ruling. See Christy, 739 F.3d at 540. The Court considered the arguments actually raised by the government, and the Court does not find that reconsideration of its suppression order is appropriate in light of the government's revised arguments in opposition to defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that Motion to Reconsider (Dkt. # 42) is **denied**.

**DATED** this 10th day of April, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE